# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BARRY WILLIAMS,** | : | **Civil No. 3:07-CV-1044** |
| | : | |
| **Plaintiff,** | : | **(Judge Caldwell)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **EDWARD KLEM, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION AND ORDER

### I.    Statement of Facts and of the Case.

This is a civil rights action brought by Barry Williams, a state inmate, arising

out of a June 8, 2005 affray between Williams and correctional staff. (Doc. 1.) This

matter now comes before the Court on a Motion for Sanctions for Spoliation of

Evidence filed by Williams. (Doc. 55.) This motion has been fully briefed by the

parties, (Docs. 55, 56, 74), and is now ripe for resolution.

As described by the parties, this dispute relates to discovery materials which

Williams has received. Specifically, Williams alleges that portions of videotapes of

this June 8, 2005 incident have been "blacked out", and are not found on the videos

preserved by prison officials. Williams also insists that an unnamed correctional

supervisor prohibited a prison physician's assistant from taking photographs of his

injuries, and claims that a videotape of a second altercation by Williams with staff has been withheld from him. (Doc. 55).

For their part, the Defendants oppose this request for spoliation sanctions. With respect to the various claims made by Williams, the Defendants have provided a declaration from a corrections official, which explains that the DVD that Williams was shown is the only video in existence related to the altercation between him and the corrections officers. See Gavin Declaration, ¶ 11. According to the Defendants, in 2005 SCI-Mahanoy had approximately 200 cameras positioned throughout the institution, but only six or seven monitors from which officers could view and tape prison interactions at any one time. Id. at ¶ 14. The monitors were generally focused upon locations where the greatest number of inmates were congregated, such as in the dining halls during meal times and in the exercise yards during "yard out." Id. The monitors were operated from the Control Center. Id. At the time of the incident involving Williams, the officer in the Control Center was viewing the dining halls during the evening meals. Id. at ¶ 15. That officer did not know to switch the monitor to the camera outside the dining hall to record what was occurring there until after he received notice from the scene of the incident. Id. at ¶ 16. By the time that the officer switched the monitor to capture what was on the cameras outside the dining halls, Williams had been restrained. Id. at ¶ 17.

Having provided this explanation for the incomplete nature of the videotape evidence, the Defendants go on to dispute Williams' claim that a correctional supervisor refused to permit photographs of Williams' injuries. Arguing that Williams has failed to carry his burden of proof regarding any culpable spoliation of evidence, the Defendants insist that this pre-trial motion for spoliation sanctions should be denied.[1]

For the reasons set forth below, Williams' motion will be denied without prejudice to the renewal of these claims at trial.

## II.    Discussion

We begin with the familiar proposition that evidentiary rulings, including rulings regarding whether a spoliation inference is appropriate, rest in the sound discretion of the court. Ward v. Lamanna, 334 F.App'x 487, 492 (3d Cir. 2009). That discretion is guided, however, by settled legal tenets, tenets which define both the fundamental nature of spoliation and the appropriate sanctions for acts of spoliation.

---

[1] While the parties' focus is on spoliation claims relating to this prison video, we note that the exhibits attached to Williams' motion highlight a separate, potential spoliation issue pertaining to one Defendant, George Piskorik. Attached to the Plaintiff's motion is a letter which was apparently produced by the Defendants in discovery. This letter was from the Department of Corrections to Defendant Piskorik, and cited Piskorik for falsifying reports regarding his June 8, 2005 use of force upon Williams. (Doc. 55, Attachment F.1). While none of the parties have discussed this particular matter in their pleadings, this incident might provide grounds for a spoliation inference, at least as to Defendant Piskorik.

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation. Mosaid Techs., Inc. v. Samsung Elecs. Co., Ltd., 348 F. Supp. 2d 332, 335 (D.N.J.2004)." Fortune v. Bitner. No. 01-111, 2006 WL 839346, *1 (M.D.Pa. March 29, 2006); see Ogin v. Ahmed, 563 F. Supp. 2d 539, 542 (M.D. Pa. 2008).

As a general rule, the burden of proof on a spoliation claim lies with the party asserting that spoliation of evidence has taken place. Byrnie v. Town of Cromwell, Bd. of Ed., 243 F.3d 93, 107-08 (3d Cir. 2001). In order to carry this burden of proof on a spoliation claim:

> [R]elevant authority requires that four (4) factors be satisfied for the rule permitting an adverse inference instruction to apply: 1) the evidence in question must be within the party's control; 2) it must appear that there has been actual suppression or withholding of the evidence; 3) the evidence destroyed or withheld was relevant to claims or defenses; and 4) it was reasonably foreseeable that the evidence would later be discoverable. Mosaid, 348 F.Supp.2d at 336 citing Brewer, 72 F.3d at 334; Scott v. IBM Corp., 196 F.R.D. 233, 248-50 (D.N.J.2000); Veloso v. Western Bedding Supply Co., 281 F.Supp.2d 743, 746 (D.N.J.2003). Additionally, the United States District Court for the District of New Jersey recognized: "While a litigant is under no duty to keep or retain every document in its possession, even in advance of litigation, it is under a duty to preserve what it knows, or reasonably should know, will likely be requested in reasonably foreseeable litigation." Mosaid, 348 F.Supp.2d at 336 (quoting Scott, 196 F.R.D. at 249).

Ogin, 563 F.Supp.2d at 543.

Thus, "[a] party which reasonably anticipates litigation has an affirmative duty to preserve relevant evidence. <u>Baliotis v. McNeil</u>, 870 F.Supp. 1285, 1290 (M.D.Pa.1994). Where evidence is destroyed, sanctions may be appropriate, including the outright dismissal of claims, the exclusion of countervailing evidence, or a jury instruction on the 'spoliation inference.' This inference permits the jury to assume that 'the destroyed evidence would have been unfavorable to the position of the offending party.' <u>Schmid v. Milwaukee Elec. Tool Corp.</u>, 13 F.3d 76, 78 (3d Cir.1994)." <u>Howell v. Maytag</u>, 168 F.R.D. 502, 505 (M.D.Pa. 1996)

If the court finds that there is a culpable destruction or spoliation of evidence, the question then becomes determining the appropriate sanction for this act of spoliation. In this respect:

> The United States Court of Appeals for the Third Circuit has applied three (3) key considerations to determine whether a sanction for spoliation of evidence is appropriate. <u>Schmid</u>, 13 F.3d at 79. The considerations are: 1) the degree of fault of the party who altered or destroyed the evidence; 2) the degree of prejudice suffered by the opposing party; and 3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future. <u>Id</u>. When appropriate, a court may impose any potential sanction including: 1) dismissal of a claim or granting judgment in favor of a prejudiced party; 2) suppression of evidence; 3) an adverse inference, referred to as the spoliation inference; 4) fines; and 5) attorneys' fees and costs. <u>Mosaid</u>, 348 F.Supp.2d at 335.

<u>Ogin</u>, 563 F.Supp.2d at 545.

However, because a pre-trial motion seeking a negative evidentiary inference from alleged acts of spoliation is very much akin to a motion *in limine* since it seeks an evidentiary ruling prior to trial, we must remain mindful of the limitations that the courts have set on such pre-trial motions. It has been aptly observed that pre-trial rulings curtailing proof "should rarely be granted" and "[e]xcluding evidence . . . at the pretrial stage is an extreme measure that is rarely necessary." In re Paoli Yard PCB Litigation, 916 F.2d 829, 859 (3d Cir. 1990).

These limitations are particularly applicable here. Williams' spoliation sanction motion, and the Defendants' response, present countervailing factual accounts which cannot be readily reconciled. Williams insists that the failure of prison officials to record the June 8, 2005 assault upon him was an intentional act. Defendants contend that it was an inadvertent function of limitations in the prison tape recording system. These competing views each draw support from the record, and in the final analysis may turn on the credibility of various witnesses. Since these matters are fact-bound and inextricably tied to witness credibility determinations, they are not well-suited to the type of pre-trial ruling that Williams seeks from the Court. See Byrnie v. Town of Cromwell, Bd. of Ed., 243 F.3d. 93, 107-08 (3d Cir. 2001)(factual issues regarding spoliation of evidence preclude summary judgment since they present questions of fact for the jury).

Recognizing that Williams bears the burden of proof at this preliminary stage of proceedings where he seeks a pre-trial evidentiary ruling, we find that Williams has not shown that he is entitled to spoliation sanctions in the form of a pre-trial ruling imposing upon the Defendants "a negative inference drawn from a party's destruction of relevant evidence, reflecting a 'consciousness of guilt.'" Ward v. Lamanna, 334 F.App'x 487, 492 (3d Cir. 2009). Instead, we believe that this matter should be the subject of proof at trial, and that evidentiary rulings on whether, and to what extent, a spoliation inference is warranted, should await trial since in this instance " a court cannot fairly ascertain the potential relevance of evidence . . . until it has a full record relevant to the putatively objectionable evidence" before it. In re Paoli R.R. Yard PCB Litigation, 916 F.2d at 859.

## III.   Conclusion

Accordingly, for the forgoing reasons, the Plaintiff's motion for a pre-trial ruling imposing spoliation sanctions (Doc. 55) is DENIED without prejudice to renewal of this matter at trial.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge