# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BARRY WILLIAMS,** | : | **Civil No. 3:07-1044** |
| **Plaintiff,** | : | **(Judge Caldwell)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **EDWARD KLEM, et al.,** | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

**I.  Statement of Facts and of the Case.**

This is a civil rights action brought by Barry Williams, a state inmate, arising out of a June 8, 2005, affray between Williams and correctional staff. (Doc. 1.) In his complaint, Williams, who is proceeding *pro se*, has named an array of Defendants, including Edward Klem, the prison superintendent, and a prison nurse, Alice Chipriano. (Id.)

The Defendants have filed a motion styled as a motion for summary judgment. (Doc. 48.) In fact, as the recently filed brief of the Defendants reveals, this motion is, in fact, only a motion for partial summary judgment since it only seeks the dismissal of Defendants Klem and Chipriano from this lawsuit. (Docs. 72 and 73.)

Having received, and reviewed, the Defendants' motion and brief on behalf of Klem and Chipriano, the Plaintiff, Barry Williams, has filed a response which is commendable for its candor and responsibility. (Doc. 77.) In his response, Mr. Williams acknowledges that he did not exhaust his administrative remedies with respect to any Eighth Amendment claims against Defendant Chipriano. (Id.) Williams then concludes by stating: "Plaintiff Barry Williams withdraws Klem and Chipriano from this civil action in righteous and justices." (Id.)

**II.   Discussion**

Rule 41(a)(1) of the Federal Rules of Civil Procedure provides for the voluntary dismissal of claims and states as follows:

> **(a) Voluntary Dismissal.**
> **(1)** *By the Plaintiff.*
> **(A)** *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>> **(I)** a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>> **(ii)** a stipulation of dismissal signed by all parties who have appeared.
>
> **(B)** *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal-or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.
>
> F. R.Civ. P. Rule 41(a)(1).

In this case, Williams' response to the motion for summary judgment filed on behalf of Defendants Klem and Chipriano is, in effect, a stipulation that these Defendants should be dismissed. Since Williams' stipulation reflects an informed judgment that he may not maintain a claim against these particular Defendants[1], this Court should grant Williams' request and order the dismissal of these Defendants from this lawsuit

### III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Plaintiff's stipulation of dismissal and the unopposed motion for partial summary judgment on behalf of Defendants Klem and Chipriano (Docs. 48,72, 73, and 77) be GRANTED.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen

---

[1] We note that Williams has correctly concluded that he may not maintain an action against Defendant Chipriano since he failed to exhaust his administrative remedies on his claims against Chipriano prior to filing this lawsuit. 42 U.S.C. §1997e(a). As for Defendant Klem, Williams has appropriately concluded that Klem's decision to transfer Williams, which was based on institutional security concerns, does not provide grounds for holding this Defendant personally liable for civil rights violations.

(14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 24th day of September, 2010.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge