# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BARRY WILLIAMS,** | : | Civil No. 3:07-1044 |
| Plaintiff, | : | (Judge Caldwell) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **EDWARD KLEM, et al.,** | : | |
| Defendants. | : | |

## MEMORANDUM OPINION AND ORDER

**I.      Statement of Facts and of the Case.**

This is a civil rights action brought by Barry Williams, a state inmate, arising out of a June 8, 2005 affray between Williams and correctional staff. (Doc. 1.) This matter now comes before the Court for further proceedings on a Motion to Compel filed by Williams which sought additional discovery responses from the remaining defendants in this case. (Doc. 45.)

The last remaining aspect of this discovery dispute involves Williams' demand for production of all statements and reports attached to the Department of Corrections' extraordinary occurrence report which detailed this June 8, 2005 institutional affray, along with Williams' request for what he called the "falsified" reports made by Sgt. Piskarik, and Williams' request for access to certain prison files maintained on him, specifically a 17-x report, as well as DC-14 and DC-15 files. In

response to Williams' demands for: (1) production of all statements and reports attached to the Department of Corrections' extraordinary occurrence report which detailed this June 8, 2005 institutional affray; (2) copies of what Williams has characterized as the "falsified" reports made by Sgt. Piskarik; and (3) access to certain prison files maintained on him, specifically requesting access to a 17-x report, as well as DC-14 and DC-15 files, we directed the defendants to provide to the Court for *in camera* inspection any records responsive to these requests. In addition, we directed the defendants to provide the Court with proposed redactions to those records that the defendants deem appropriate in light of their objections to wholesale disclosure of this information, so we could conduct an *in camera* review and determine: (1) whether this information is relevant to the issues raised in this case; (2) whether it is subject to any valid claim of privilege recognized by the Federal Rules; and (3) to what extent, in what format, and under what conditions it may be released to the plaintiff.

The defendants complied with this request by providing the Court with documents relating to this episode, bearing Bates-stamp designations 91 through 239. The defendants propose to release the vast majority of these documents, in their entirety, to the plaintiff, but have proposed a series of redactions to these records, redactions which are outlined in a privilege log prepared by the defendants.

Having reviewed these proposed redactions were will approve the redactions, in part, but will order some of the proposed redacted material released to the plaintiff without redaction, as described below:

## II. Discussion

### A. Rule 26, the Legal Standard

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines both the scope and limitations governing the use of discovery in a federal civil action:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)( C ).

Williams' motion, and the defendants' response in opposition to this motion, call upon the Court to exercise its authority under Rule 26 of the Federal Rules of Civil procedure to regulate discovery in this case. Issues relating to the scope of discovery permitted under the Rules rest in the sound discretion of the Court. <u>Wisniewski v. Johns-Manville Corp.</u>, 812 F.2d 81, 90 (3d Cir. 1987). A court's decisions regarding

3

the conduct of discovery will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983).

This discretion is guided, however, by certain basic principles. Thus, at the outset, it is clear that Rule 26's broad definition of that which can be obtained through discovery reaches only "nonprivileged matter that is relevant to any party's claim or defense". Therefore, valid claims of privilege still cabin and restrict the court's discretion in ruling on discovery issues. Furthermore, the scope of discovery permitted by Rule 26 embraces all "relevant information" a concept which is defined in the following terms: "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

Applying these benchmark standards, we now turn to the defendants' proposed redacted response to the discovery requests propounded by Williams. In his motion Williams sought access to three categories of information. Specifically, Williams demands: (1) production of all statements and reports attached to the Department of Corrections' extraordinary occurrence report which detailed this June 8, 2005 institutional affray; (2) copies of what Williams has characterized as the "falsified" reports made by Sgt. Piskarik; and (3) access to certain prison files maintained on him, specifically requesting access to a 17-x report, as well as DC-14 and DC-15

files.

With respect to these requests, we have found as follows:

First, without in any way accepting the plaintiff's characterization of any of the documents, we have concluded that statements authored by Sgt. Piskarik, a named defendant in this action, describing the June 8 incident are relevant and should be collected and released to the plaintiff. Second, other witness statements purporting to describe and discuss the June 8, 2005 incident, attached to the Department of Corrections' extraordinary occurrence report which detailed this June 8, 2005 institutional affray should also be collected and released to the plaintiff. Finally, redacted copies of any records from the plaintiff's DC-14 and DC-15 files which relate to this incident should also be collected and prepared for submission to the court and released to the plaintiff in a redacted form, as described below.

We have further concluded that the release of the relevant portions of these materials, in a redacted format, to the plaintiff, is appropriate once the defendants delete from these documents any personal information, such as social security numbers, as well as agency conclusions and recommendations, since we find that the deletion of personal information from these records is necessary, proper and consistent with prior case law. See Paluch v. Dawson, No. 06-1751, 2007 WL 4375937 (M.D. Pa. Dec. 12, 2007). We also conclude that releasing this material in

this redacted form is consistent with settled case law addressing claims of governmental privilege relating to investigative records which acknowledges a governmental privilege, but recognizes that courts must balance the confidentiality of governmental files against the rights of a civil rights litigant by considering:

> (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intra-departmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiffs suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiffs case.

Frankenhauser v. Rizzo, 59 F.R.D. 339, 344 (E.D. Pa. 1973). When striking this balance courts have, in the past, reconciled the competing needs of civil rights litigants for information regarding facts developed by agency officials, with the Government's need to protect its deliberative processes, by directing the release of non-privileged, factual information in a report to the plaintiff. For example, in Sullivan v. Pa. Dep't of Corrections, 2007 U.S. Dist. LEXIS 19216, *1-2 (M.D. Pa.

2007) (McClure, J.), the Court limited discovery of a report regarding an investigation by the OPR concerning allegations made by two former prison psychologists, holding that, after weighing the parties' interests, only certain non-privileged material contained in the investigation report was discoverable under Rule 26. Id. at *9. Recognizing that these prison records may contain arguably discoverable factual material, we have reconciled the interests of inmate-plaintiffs and corrections officials by rejecting broadly framed requests for access to prison records, see Paluch v. Dawson, No. 06-1751, 2007 WL 4375937, *4-5 (M.D. Pa. Dec. 12, 2007), while conducting an *in camera* review of those records which may be relevant to more narrowly tailored discovery demands. Paluch v. Dawson, No. 06-175, 2008 WL 2785638, *3 (M.D. Pa. July 17, 2008).

Applying these benchmarks to the proposed redactions tendered by the defendants, we find as follows:

First, with respect to the records bearing Bates-stamp numbers 91 through 199, we approve the release of these records in the redacted form proposed by the defendants, finding that these redactions are limited, narrowly tailored and designed solely to remove personal identifying data of third party inmates,[1] or medical treatment information concerning third parties which is subject to legitimate privacy

---

[1] See redactions at pages 95-99, 101-105, 108-114.

concerns.[2]

As for the redaction of the document bearing Bates-stamp number 200, this document is a hand written statement by Sgt. Piskorik, a party in this case, and purports to describe the very incident which lies at the heart of this lawsuit. The document is undoubtedly relevant, and the defendants' assertion, in general terms, of a government privilege is inadequate to prevent its disclosure. Therefore it is ordered that this document be disclosed to the plaintiff unredacted and in its entirety.

With respect to the document bearing Bates-stamp numbers 219-220, this document reflects deliberative processes in the Department of Corrections in the aftermath of this incident, and is properly the subject of a claim of governmental privilege. Therefore, the defendants have properly redacted this document, and it may be withheld from production.

These rulings leave one other document at issue in this litigation. That document, which bears Bates-stamp numbers 221-239, collects witness statements relating to this incident, and provides recommendations and advice, along with a deliberative analysis of this episode. The defendants have proposed the redaction of this document in its entirety, but we disagree. When striking the balance between the

---

[2]See redactions at pages 122, 124, 128, 153, 155, 157, 159, 161, 163, 165, 167, 169, 171, 173, 175, 177, 187, and 188.

competing needs of civil rights litigants for information regarding facts developed by agency officials, and the Government's need to protect its deliberative processes, it is our practice to direct the release of non-privileged, factual information within an agency report to the plaintiff while redacting the analytical, deliberative aspect of the report. See Sullivan v. Pa. Dep't of Corrections, 2007 U.S. Dist. LEXIS 19216, *1-2, and 9 (M.D. Pa. 2007) (McClure, J.) ( ordering limited discovery of a report regarding an investigation by the OPR concerning allegations made by two former prison psychologists, holding that, after weighing the parties' interests, only certain non-privileged material contained in the investigation report was discoverable under Rule 26).

This is the course we will adopt here. We will direct the defendants to redact the following portions of this report, which reflect internal agency deliberative processes and recommendations: Bates-stamp page numbers 221 and 227 through 228, which contains the portion of the document entitled "Conclusion/ Recommendation."

The remaining portions of this document, Bates-stamp pages 222 through 227 and 229 through 239, contain statements of parties and witnesses to this incident. These reports, which were prepared by defendants, or other corrections officials, are undeniably relevant, and often contain admissions of party-opponents under Rule

801(d)(2) of the Federal Rules of Evidence, and since they describe the words and actions of some of the defendants. Therefore, they are subject to discovery, albeit in a redacted form which protects the identities and privacy of third parties not named in this lawsuit.

### III. Conclusion

Accordingly, for the foregoing reasons, IT IS ORDERED as follows:

1. First, with respect to the records bearing Bates-stamp numbers 91 through 199, we approve the release of these records in the redacted form proposed by the defendants, finding that these redactions are limited, narrowly tailored and designed solely to remove personal identifying data of third party inmates,[3] or medical treatment information concerning third parties which is subject to legitimate privacy concerns.[4]

2. Second, as for the redaction of the document bearing Bates-stamp number 200, a hand written statement by Sgt. Piskorik, a party in this case, that purports to describe the very incident which lies at the heart of this lawsuit, IT IS ORDERED that this document be disclosed to the plaintiff in its entirety.

---

[3] See redactions at pages 95-99, 101-105, 108-114.

[4] See redactions at pages 122, 124, 128, 153, 155, 157, 159, 161, 163, 165, 167, 169, 171, 173, 175, 177, 187, and 188.

3. With respect to the document bearing Bates-stamp numbers 219-220, this document reflects deliberative processes in the Department of Corrections in the aftermath of this incident, is properly the subject of a claim of governmental privilege, and IT IS ORDERED, that the defendants do not need to release this document.

4. Finally, as to the document bearing Bates-stamp numbers 221-239, which collects witness statements relating to this incident, and provides recommendations and advice, along with deliberative analysis of the episode, IT IS ORDERED as follows:

    A.    We will direct the defendants to redact the following portions of this report, which reflect internal agency deliberative processes and recommendations: Bates-stamp page numbers 221 and 227 through 228, entitled "Conclusion/ Recommendation."

    B.    The remaining portions of this document, Bates-stamp pages 222 through 227 and 229 through 239, contain statements of parties and witnesses to this incident. These reports prepared by defendants, or corrections officials are undeniably relevant, and often contain admissions of party-opponents under Rule 801(d)(2) of the Federal Rules of Evidence, and since they describe the

words and actions of some of the defendants. Therefore, they are subject to discovery, *provided* that those witness statements are first redacted to eliminate only the names of third parties who are not parties to this litigation. The redacted witness statements shall be disclosed on or before **March 18, 2011.**

So ordered this 3d day of March, 2011.

<u>*S/Martin C. Carlson*</u>
**United States Magistrate Judge**